NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN DAVID, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, VOLKSWAGEN AG, a foreign corporation,<br><br>                Defendants. | Civil Action No: 17-11301-SDW-CLW<br><br>**OPINION**<br><br>April 26, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant Volkswagen Group of America, Inc.'s ("VolkswagenGOA" or "Defendant") Motion to Dismiss Plaintiff Jonathan David's ("David" or "Plaintiff") Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d). Venue is proper pursuant to 28 U.S.C. § 1391.[1] This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

---

[1] Defendant does not challenge, and the Complaint pleads facts that permit, venue in this district. (*See* Compl. ¶ 2.) However, given that Plaintiff is a resident of Colorado, the car at issue was sold by a Colorado dealer, the accident giving rise to this suit occurred in Colorado, Plaintiff brings his state claims pursuant to Colorado law, and the parties appear to agree that Colorado law governs Plaintiff's claims, the District of Colorado seems a more appropriate venue for this suit.

I.  BACKGROUND AND PROCEDURAL HISTORY

On or about February, 2014, Plaintiff, a resident of Colorado, purchased a 2014 Volkswagen Touareg from a Colorado Volkswagen dealership. (Compl. ¶¶ 4, 66.)  Prior to his purchase, Plaintiff alleges he conducted "extensive research . . . by reading magazine reviews, speaking with owners and questioning VW service technicians." (*Id.* ¶ 67.)  In connection with the purchase of the var, "Volkswagen provided an express New Vehicle Limited Warranty ('NVLW')" which covered repairs "to correct a defect in manufacturer's material or workmanship." (*Id.* ¶ 139; Dkt. No. 7-3 at 3, 5.)[2]  On January 7, 2016, while Plaintiff was driving the car, its panoramic sunroof shattered. (Compl. ¶ 69.)

On November 6, 2017, Plaintiff filed a five-count class action complaint in this Court against VolkswagenGOA and its parent company, Volkswagen AG,[3] alleging that Volkswagen's panoramic sunroofs are defective across a variety of Volkswagen models and asserting claims for: 1) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; 2) unjust enrichment; 3) violation of the Colorado Consumer Protection Act ("CCPA"); 4) breach of the implied warranty of merchantability; and 5) breach of express warranty. (Dkt. No. 1.)  Defendant filed the instant motion to dismiss on January 19, 2018. (Dkt. No. 7.)  Plaintiff filed his timely opposition March 6, 2018 and Defendant replied on March 22, 2018. (Dkt. Nos. 16, 25.)

---

[2] Although the NVLW was not attached to the Complaint, it was referenced therein, and forms the basis for Plaintiff's express warranty claim. As such, this Court may consider it without converting Defendant's motion to one for summary judgment. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[3] VolkswagenGOA is "a wholly-owned subsidiary of Volkswagen AG, a publicly traded German Corporation." (Dkt. No. 6.)  VolkswagenGOA "through its various entities[,] designs, manufacturers, markets, distributes, and sells Volkswagen automobiles in multiple locations across the United States, including Colorado." (Compl. ¶ 6.)  VolkswagenGOA "acts at the sole distributer for Volkswagen vehicles in the United States, purchasing those vehicles from Volkswagen [AG] for sale in this country." (*Id.* ¶¶ 12-15.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Subject matter jurisdiction establishes a court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, or certain claims between citizens of different states pursuant to 28 U.S.C. § 1332. A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (internal citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

### B. Rule 12(b)(6)

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty.*

*of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

C. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.*, Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004)).

**III. DISCUSSION[4]**

　A. Standing

Article III of the United States Constitution limits the power of the federal judiciary to the adjudication of actual "cases" or "controversies." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). In order to enforce the "case" or "controversy" requirement, Article III requires that a litigant "have 'standing' to invoke the power of a federal court . . . ." *Allen v. Wright*, 468 U.S. 737, 750 (1984). Standing, therefore, is a "threshold question." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff has standing to sue if:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations, alterations, and citations omitted); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

Although all three elements must be met, "the injury-in-fact element is often determinative." *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009), *see also Spokeo*, 136 S. Ct. at 1547 (describing "injury-in-fact" as the "first and foremost" of the three elements). The alleged injury "must be 'particularized' such that it affects the plaintiff in a 'personal and individual way'." *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-4600, 2018 WL 1420496, at *8 (D.N.J. Mar. 22, 2018) (citing *Lujan*,

---
[4] The parties appear to agree that Colorado law governs Plaintiff's claims. This Court will also apply Colorado law.

5

504 U.S. at 560 n.1.). This means that, "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citations omitted). This inquiry "does not change in the context of a putative class action . . . [S]tanding cannot be predicated on an injury which the plaintiff has not suffered, nor can it be acquired through the back door of a class action.'" *Koronthaly v. L'Oreal USA, Inc.*, Civ. No. 07-5588, 2008 Wl 2938045, at * 4 (D.N.J. July 29, 2008), *aff'd*, 374 F. App'x 257 (3d Cir. 2010) (quoting *In re Franklin Mut. Funds Litig.*, 388 F. Supp. 2d 451, 461 (D.N.J. 2005)). "[A] plaintiff in a class action must show that she has personally been injured; indeed, the class plaintiff cannot rely on 'injuries suffered by other, unidentified members of the class.'" *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)).

In the context of putative class actions arising out of products liability actions, this Court has previously held that a plaintiff has standing only for claims related to products he purchased or used. *See, e.g.*, *Semeran v. Blackberry Corp.*, Civ. No. 15-750, 2016 WL 406339, at * 3 (D.N.J. Feb. 2, 2016) (holding that where plaintiff had purchased only one model of a Blackberry smartphone, but sought to represent a class of consumers who had purchased several other models, plaintiff did not have "standing to pursue a claim that products []he neither purchased nor used did not work as advertised") (citing *Lieberson*, 865 F. Supp. 2d at 537); *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) (limiting plaintiff's standing for products liability claims in a putative class action to claims involving the brewing system plaintiff actually purchased, and dismissing claims relating to products plaintiff had not owned). Consequently, this Court will only consider Plaintiff's allegations pertaining to the 2014 Volkswagen Touareg. Claims relating to other Volkswagen models or model years are dismissed.

B. Counts I & V – Magnuson-Moss Warranty Act and Express Warranty

To state a claim for express warranty under Colorado law, a plaintiff must show "(1) the existence of a warranty, (2) breach of the warranty, (3) the breach proximately caused the losses claim[ed] as damages, and (4) defendant received timely notice of the breach." *Scott v. Honeywell Int'l, Inc.*, Civ. No. 14-157, 2015 WL 1517527, at *3 (D. Colo. Mar. 30, 2015) (citing *Fiberglass Component Prod., Inc. v. Reichhold Chems. Inc.*, 983 F. Supp. 948, 953 (D. Colo. 1997)); *see also Palmer v. A.H. Robbins Co.*, 684 P.2d 187 (Colo. 1984). Express warranties related to the sale of goods are created when:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

COLO. REV. STAT. § 4–2–313(1).

Under Colorado law, the statute of limitations for a breach of express warranty claim is three years. *Schmidt v. DJO, LLC*, Civ. No. 09-2683, 2010 WL 3239249, at *3 (D. Colo. Aug. 12, 2010) (citing COLO. REV. STAT. §§ 4-2-725 and 13-80-101(a) and noting that those provisions "establish a three year statute of limitations for all warranty claims"). In a breach of warranty claim involving the sale of goods, the cause of action accrues when tender of delivery is made "regardless of the aggrieved party's lack of knowledge of the breach." *Id.* (internal citations omitted); *see also Leprino Foods Co. v. DCI, Inc.*, Civ. No. 13-2430, 2017 WL 57256, at *2 (D. Colo. Jan. 3, 2017) (noting that a breach of warranty claim accrues when tender is made "regardless of the innocent party's knowledge of the breach").

Plaintiff concedes that his suit was not filed within the three-year statute of limitations, but argues that tolling is appropriate because: 1) under Colorado's "discovery rule" the claim did

7

not accrue until "discovery that the panoramic sunroofs installed . . . were prone to spontaneous failure"; 2) Defendant actively concealed "the fact that the panoramic sunroofs installed" were defective; 3) Defendant "knowingly, affirmatively, and actively" concealed the alleged defect from consumers and should be estopped from relying on the statute of limitations as a defense: and 4) Defendant's wrongful acts require that the statute of limitations be equitably tolled. (Compl. ¶¶ 72-75.) This Court disagrees.

First, Plaintiff is not entitled to tolling under the "discovery rule" because discovery tolling is only available for warranties of future performance, not repair and replace warranties such as the NVLW. *See* COLO. REV. STAT. § 4-2-725 (recognizing that the cause of action for breach of warranties of future performance does not accrue until the defect is discovered); *Boyd v. A.O. Smith Harverstore Prods., Inc.*, 776 P.2d 1125, 1128 (Colo. App. 1989) (distinguishing between the two types of warranties); *Leprino*, 2017 WL 57256, at *2. Second, as to VolkswagenGAO's alleged concealment generally, even if true, tolling of the three-year statutory period is not appropriate "simply because Defendant withheld information from Plaintiff." *Klingemann v. Breg, Inc.*, Civ. No. 10-1797, 2012 WL 1378640, at *2 (D. Colo. Apr. 20, 2012) (refusing to toll plaintiff's limitations period because the "Colorado legislature explicitly stated that the three year limitations period begins to run regardless of whether the injured party is aware of the breach").

As to Plaintiff's more serious allegations that Defendant fraudulently concealed information about the defect, such a claim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *See, e.g.*, *In re Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 738 (D.N.J. 2016). Plaintiff's complaint does not articulate what acts of concealment were taken, by whom, regarding which facts, and what, if any, information was

8

directly withheld from Plaintiff. Rather, the Complaint contains only vague and generalized allegations that some kind of information was withheld at some point by someone. This is insufficient.

Finally, Plaintiff discovered the alleged defect in January, 2016, giving him over a year to file suit before the three-year period ran. To invoke a claim for equitable tolling, Plaintiff must show that "defendant's wrongful conduct prevented [him] from asserting his . . . claims in a timely manner" or that circumstances made his timely filing impossible. *See, e.g.*, *Brodeur v. Am. Home Assurance. Co.*, 169 P.3d 139, 149 (Colo. 2007) (noting that equitable tolling exists to avoid "penalize[ing] plaintiff for circumstances outside his or her control"); *Gognat v. Ellsworth*, 224 P.3d 1039, 1049 (Colo. App. 2009) (stating that the doctrine is "not favored and is only applied where all of its elements are clearly met"). Plaintiff does not plead that Defendants concealed facts from him that prevented him from filing his claim, nor does he plead extraordinary circumstances that made it impossible for him to timely file. Therefore, this Court finds no basis upon which to toll the three-year statute of limitations for Plaintiff's breach of express warranty claim. Plaintiff purchased his car in February, 2014, but did not bring suit until November, 2017. Consequently, his claim is time-barred and Count Five must be dismissed.[5]

---

[5] Even if the statute of limitations did not preclude Plaintiff's claim, it would still fail on substantive grounds. The NVLW at issue covers only "a manufacturer's defect in material or workmanship." (Compl. ¶ 139; Dkt. No. 7-3 at 3, 5.) The core of Plaintiff's claims, however, focus entirely on how the sunroof at issue was designed, not how it was manufactured. *See, e.g.* Compl. ¶¶ 18-19 (noting that panoramic sunroofs "pose new and significant engineering challenges" that "Volkswagen has failed to meet"); ¶ 29 (noting that the "sunroof designs in all of the Class Vehicles are substantially similar"); ¶¶ 33-37 (discussing the decision to "install panoramic sunroofs with tempered glass that feature large areas of ceramic paint" as opposed to laminated glass); ¶ 42 (describing the design decision regarding the fastening of this type of sunroof to minimize "rainwater incursion" as creating additional "flexing and vibration"); *see also Nelson v. Nissan N. Am., Inc.*, Civ. No. 11-5712, 2014 WL 7331922, at *2 (D.N.J. Dec. 19, 2014) (discussing the difference between design and manufacturing defects). Where, as here, a party pleads that "all products of a particular line are defective," the plaintiff has pled a design defect. *Mickens v. Ford Co.*, Civ. No. 10-5842, 2011 WL 3444055, at *3 (D.N.J. Aug. 5, 2011); *see also* Compl. ¶ 68 (alleging that "each vehicle model included in the proposed class definition has a panoramic sunroof with the same Defect"). Such

Plaintiff's Magnusson-Moss Warranty Act ("MMWA") claim must also be dismissed. To state a claim under the MMWA, Plaintiff must first adequately plead a claim for breach of express warranty. *Janke v. Brooks*, Civ. No. 11-837, 2012 WL 1229891, at *n.3 (D. Colo. Apr. 11, 2012) (concluding that dismissal of plaintiff's state law claim was "fatal to a federal claim" under the MMWA); *Cooper v. Samsung Elecs. Am., Inc.*, Civ. No. 07-3853, 2008 WL 4513924, at *6 (D.N.J. Sep. 30, 2008) (dismissing MMWA claim where state law warranty claim had already been dismissed, noting that MMWA claims are "dependent on state law claims"). Since Plaintiff's express warranty claim fails, so too must his MMWA claim. Therefore, Count One will be dismissed.

### C. Count IV – Implied Warranty of Merchantability

Count Four of Plaintiff's Complaint asserts a claim for breach of the implied warranty of merchantability.[6] This claim is subject to the same three-year statute of limitations as Plainitff's express warranty claim, and must be dismissed for the reasons discussed above. *See, e,g.*, *Am. Compensation Ins. Co. v. MTD Prods., Inc.*, Civ. No. 09-2934, 2012 WL 503523, at *5 (D. Colo. Feb. 15, 2012); *Schmidt v. DJO, LLC*, 2010 WL 3239249 at *3.

### D. Count II – Unjust Enrichment

To successfully plead a claim for unjust enrichment, a plaintiff must show "that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation."

---

defects are outside the scope of the NVLW and, consequently, Plaintiff fails to sufficiently plead the existence of a warranty.

[6] Under Colorado law, "[t]o be 'merchantable,' goods must be fit for their ordinary purpose." *Fiberglass Component Prod.*, 983 F. Supp. at 958 (stating that an implied warranty that goods are fit for a particular purpose exists "[w]here the seller at the time of contracting has reason to know any particular purpose for which goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods").

*Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). Under Colorado law, "a claim for unjust enrichment cannot proceed in the face of a valid, enforceable contract between the parties that covers the subject matter of the unjust enrichment claim." *Evans v. Maytag Aircraft Corp.*, Civ. No. 16-2264, 2017 WL 1437296, at *6 (D. Colo. Mar. 14, 2017); *see also Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 227 F. Supp. 3d 1192, 1207 (D. Colo. Jan. 5, 2017); *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003). Here, Plaintiff seeks to hold Defendant liable for the costs associated with repairing and replacing the allegedly defective sunroofs, and claims that by refusing to pay for those costs, Defendant "obtained monies that rightfully belong to Plaintiff and Class Members." (Compl. ¶¶ 93-99.) However, the NVLW is a valid enforceable contract between the parties that establishes the warranty on the sunroofs and also serves as the basis for Plaintiff's unjust enrichment claim. Therefore, Count Two will be dismissed.

    E. <u>Count III – Colorado Consumer Protection Act</u>

The Colorado Consumer Protection Act ("CCPA") "was enacted to regulate commercial activities and practices which, 'because of their nature, may prove injurious, offensive, or dangerous to the public.'" *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003) (internal citations omitted). To that end, the "CCPA deters and punishes businesses which commit deceptive practices in their dealings with the public by providing . . . remedies against consumer fraud." *Id.* To bring an action under the CCPA, a plaintiff must show:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;

11

>       (4) that the plaintiff suffered injury in fact to a legally protected
>       interest; and
>       (5) that the challenged practice caused the plaintiff's injury.

*Id.* at 146-47.

The CCPA does not permit class action claims for monetary relief. *See* COLO. REV. STAT. 6-1-709 (noting that "damages are available "[e]xcept in a class action"); *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218-1219 (D. Colo. 2012) (finding that the "plain and unambiguous language of the statute compels the conclusion that *all* of the remedies . . . including actual damages, are not available to classes" and holding that "the CCPA creates no statutory liability for a defendant in a private class action"). As such, Plaintiff's putative class claim will be dismissed.

With regard to Plaintiff's individual claim, it must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See* FED. R. CIV. P. 9(b); *Hansen v. Auto-Owners Ins. Co.*, Civ. No. 09-2736, 2010 WL 749820, at *2 (D. Colo. Mar. 4, 2010) (holding that a CCPA claim for deceptive trade practices "must be pled with particularity pursuant to Fed. R. Civ. P. 9(b)") (collecting cases). Rule 9(b)'s particularity requirement demands that plaintiffs "plead 'the who, what, when, were, and how: the first paragraph of any newspaper story." *Riachi v. Prometheus Grp.*, Civ. No. 17-811, 2017 WL 2438838, at *3 (D.N.J. June 6, 2017) (citing *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999)).

Plaintiff's Complaint does not provide this level of specificity. First, Plaintiff does not plead facts that show that any action taken by Defendant affected his decision to purchase his car. Although Plaintiff alleges that Defendants "intentionally and knowingly misrepresented material facts regarding the Class Vehicles with intent to mislead Plaintiff and the Colorado Class," (Compl. ¶ 106), he does not include any specific statements made to him prior to February 2014. Further, while Plaintiff states he conducted research before buying his car, (*Id.* ¶

67), he does not name an individual, provide a date or location of a conversation, or identify any specific statement that affected his decision to purchase. In pointing to 2015 marketing materials he claims were misleading, (*Id.* ¶¶ 30-31), Plaintiff does not identify what is misleading or false about the information contained therein, and does not indicate how a brochure for a 2015 model affected his purchase in February of 2014. Even viewing the allegations in the light most favorable to the Plaintiff, the pleadings are insufficient to show that Plaintiff relied on any specific statement made, or an action taken, by Defendant before purchasing his vehicle.

Nor does Plaintiff sufficiently plead that Defendant had knowledge of any alleged defect in the panoramic sunroofs installed in Volkswagen vehicles on or before February, 2014. *See, e.g.*, *Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006) (stating that a plaintiff has an obligation to show that a defendant "knowingly engaged in deceptive trade practice"). Plaintiff's allegations that Defendant was on notice of defects because of consumer complaints, a letter to the National Highway and Transportation and Safety Administration, and a recall of the Volkswagen Beetle, (Compl. ¶¶ 21-24, 43, 43-50), fail to support his claim because these events do not involve the 2014 Touareg and/or occurred after Plaintiff made his purchase. As a result, Count Three of Plaintiff's Complaint must be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, Defendant VolkswagenGOA's Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                                          ___/s/ Susan D. Wigenton_____
                                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Cathy L. Waldor, U.S.M.J.
                Parties